UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, | : | Civil Action No. |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| MELLO CRÈME, INC., and DAVID & JUDY PARKS, Defendants. | : |  |
|  | : |  |

## **COMPLAINT**

### **COUNT ONE**

#### **I.**

Plaintiff, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 U.S.C. 201 et seq.), hereinafter called the Act.

#### **II.**

Jurisdiction of this action is conferred upon the court by Section 17 of the Act.

#### **III.**

(a).     Defendant, Mello Crème, Inc., is and at all times hereinafter mentioned was an Ohio corporation having its main office and place of business at 822 S. Metcalf Street, Lima, OH

1

within the jurisdiction of this Court, where it is now and at all times hereinafter mentioned was engaged in the production and sale of doughnuts.

(b).     Defendant, David L. Parks, resides at 998 Northwest Street, Lima, OH within the jurisdiction of this Court and is President of the corporate Defendant, and acted directly or indirectly in its interest in relation to its employees, as an employer within the meaning of the Act.

(c).     Defendant, Judy Parks, resides at 998 Northwest Street, Lima, OH within the jurisdiction of this Court and is Vice President and General Manager of the corporate Defendant, and acted directly or indirectly in its interest in relation to its employees, as an employer within the meaning of the Act.

## IV.

(a).     Defendants are and at all times hereinafter mentioned were engaged in the performance of related activities for a common business purpose, constituting an enterprise within the meaning of section 3(r) of the Act.

(b).     At all times hereinafter mentioned the enterprise described in IV(a) has been and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act as amended in 1989, having been and being an enterprise having an annual dollar volume in excess of $500,000.00 exclusive of excise taxes at the retail level and having had and having employees engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been produced for or moved in commerce.

2

**V.**

Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing these employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours since June 2004 without compensating these employees for their employment in excess of forty hours, at rates not less than one and one-half the regular rate at which they were employed.

**VI.**

Defendants, employers subject to the provisions of the Act, violated the provisions of Sections 11(c) and 15(a)(5) of the Act, in that they have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations at 29 C.F.R. §516 issued by the Administrator of the Wage and Hour Division and Public Contracts Divisions, United States Department of Labor; that is to say, the records kept by Defendants fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek.

**COUNT TWO**

**VII.**

Plaintiff brings this action to recover from Defendants unpaid overtime compensation due its employees identified herein, under the provisions of the Act.

## VIII.

Jurisdiction of this action is conferred upon the Court by Section 16(c) of the Act and by 29 U.S.C. §§1337 and 1345.

## IX.

Plaintiff repeats and incorporates herein the allegations set forth in Paragraphs III and IV above.

## X

With respect to the employees of Defendants listed on the attached Exhibit A for the time periods specified therein, Defendants violated the provisions of Section 7 of the Act by employing these employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours since June 2004 without compensating these employees for their employment in excess of forty hours, at rates not less than one and one-half the regular rate at which they were employed.

## XI.

As a result of the aforesaid violations of Section 7 of the Act, there is due and owing from Defendants to the employees specified in the attached Exhibit A, the sum of $11,382.73.


WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Act, and for such other and further relief as may be necessary and appropriate.

Further, Plaintiff demands judgment against Defendants in the amount of $11,382.73 for unpaid overtime compensation due under the Act, as listed in the attached Exhibit A, and for an additional equal amount as liquidated damages together with interest at the rate of eight percent (8%) per annum computed from the date of the violation, plus costs and other appropriate relief.

Tracy L. Schwab
Trial Attorney
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-7548 voice
(216) 522-7172 fax
schwab.tracy@dol.gov

OF COUNSEL:

JOAN E. GESTRIN
Regional Solicitor

BENJAMIN T. CHINNI
Associate Regional Solicitor

SANDRA B. KRAMER
Senior Trial Attorney

**EXHIBIT A**

| Name | Period Covered | Amount Due |
|---|---|---|
| Jerry Crawford | 06/19/04-04/08/06 | $1,070.89 |
| Terry Crawford | 06/19/04-06/17/06 | $5,170.83 |
| Jamey Polutnik | 06/19/04-06/03/06 | $611.40 |
| Kelly F. VanShoyck | 06/19/04-06/24/06 | $3,242.10 |
| | TOTAL: | $11,382.73 |

6

## CERTIFICATE OF SERVICE

I certify that on May 1, 2007, a copy of the foregoing Complaint was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

s/ Tracy L. Schwab____
Tracy L. Schwab
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, OH 44199
216.522.7548 (voice)
216.522.7172 (fax)
schwab.tracy@dol.gov